UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

RONALD LARA,

    Plaintiff,

v.

INDUSTRIAL MANAGEMENT, INC., a
Florida corporation, and
RENE HERNANDEZ, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Ronald Lara ("Lara"), on behalf of himself, files this Complaint against Defendants, Industrial Management, Inc. ("Industrial") and Rene Hernandez, individually ("Hernandez") (collectively referred to as the "Employer") and alleges, as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4), because these claims seek redress for violations of Plaintiffs' federal civil and statutory rights.

2. This Court has subject matter jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367, as Plaintiff's state law claims arise from the same set of operative facts as its federal claims.

3. At all material times, Industrial is a Florida corporation, authorized to conduct and conducting business in Miami-Dade County, Florida.

4. At all material times, Plaintiff is *sui juris* and a resident of Miami-Dade County, Florida.

5. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and (c) as a substantial part of the events or omissions giving rise to the claims that occurred in this judicial district.

6. This action is brought by Plaintiff to recover from the Employer unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees pursuant to the FLSA, §§ 206, 207.

7. Upon information and belief, the annual gross revenue of Industrial was at all times material hereto in excess of $500,000.00 per annum.

8. At all material times hereto, Industrial was and continues to be an enterprise engaged in interstate commerce.

9. At all material times hereto, Industrial operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

10. As a result of the services provided by Industrial, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

11. By reason of the foregoing, Industrial is and was, during all times material hereto, an

enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Plaintiff is within interstate commerce.

12. Plaintiff regularly utilized and handled materials, equipment and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce in their world.

## GENERAL ALLEGATIONS

### A. OVERTIME VIOLATIONS

13. Upon information and belief, Employer employed Plaintiff from approximately January 2016 through July 2016 ("the relevant time period").

14. During the relevant time period, Plaintiff was employed as a laborer, earning an average of $9.50 per hour.

15. Upon information and belief, Hernandez is an officer/director of Industrial and has economic control of Industrial, and of the nature and structure of Plaintiff's employment relationship with Industrial.

16. At all material times, Industrial's gross annual revenues were in excess of $500,00.00.

17. Throughout his employment with Industrial, Plaintiff worked an average of fifty (50) hours per week, forty (40) regular hours and ten (10) overtime hours, from January, 2016 through July, 2016.

18. Notwithstanding, employer willfully and intentionally failed/refused to pay to Plaintiff the federally required overtime rate for the overtime hours he worked.

19. Employer knew of the overtime requirements of the Fair Labor Standards Act and willfully/intentionally/recklessly failed to investigate whether their payroll practices were in accordance with the Fair Labor Standards Act.

20. As a result, Plaintiff has suffered damages and is entitled to receive overtime compensation.

**B.    WRONGFUL TERMINATION**

21. Plaintiff worked for Industrial, as a Laborer from approximately January, 2016 through July, 2016.

22. On or about May 6, 2016, during the course and scope of his employment, Plaintiff incurred serious injuries to his right foot, ankle, and shoulder after falling from a forklift.

23. Immediately following the accident, Plaintiff reported his injury to Industrial and requested medical treatment/care.

24. However, Industrial failed/refused to provide him with medical treatment at that time.

25. Instead, Industrial gave him ice and aspirin for his injuries.

26. The following day, Plaintiff advised his supervisor that he did not feel well and he needed to take the weekend off from work to recover from his work accident.

27. Notwithstanding, on or about May 9, 2016, the Monday following Plaintiff's accident, Industrial advised Plaintiff that he failed to report the accident to the company, and therefore he should not file a Worker's Compensation claim.

28. Industrial warned him not to file a claim for Worker's Compensation since it would cause the company's insurance premium to increase.

29. As a result, and since Plaintiff insisted that he needed medical treatment for his injuries, Industrial (via Rene Hernandez) promised to take care of all his medical expenses and provide him with paid time off until Plaintiff's doctor approved his return to work.

30. At the company's insistence, Industrial's office manager, Jessica Alaran (Ms. Alaran"), accompanied Mr. Lara to each of his three doctor's appointments.

31. After Plaintiff's second doctor's visit, Industrial required Plaintiff to return to work to help out at the office, despite the fact that his doctor did not release him to do so.

32. On July 6, 2016, during Plaintiff's third doctor's visit, his doctor told him that he did not approve of his return to work. At that appointment, Ms. Alaran told Plaintiff again not to file a Worker's Compensation claim against Industrial.

33. On or about July 20 2016, Industrial wrongfully terminated Plaintiff.

34. Plaintiff has complied with all conditions precedent to filing this action.

35. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

**PRE-SUIT DEMAND**

36. On September 14, 2016, Plaintiff through the undersigned counsel, sent to the Employer a written pre-suit demand ("Demand") regarding the violations of the overtime provisions of the, requesting Employer pay the amounts owed to Plaintiff and for their unlawful retaliatory conduct by reason of valid claim for compensation or attempt to claim compensation under the Worker's Compensation Law, but Employer failed/refused to respond. A copy of the Demand is attached as "**Exhibit A**".

**COUNT I -
VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA
AGAINST INDUSTRIAL MANAGEMENT, INC.**

37. Plaintiff re-alleges the allegations in paragraphs one (1) through thirty-six (36) above.

38. This is an action against Industrial for overtime compensation pursuant to 29 U.S.C. § 216(B).

39. During the relevant time period, during the months of January through July of 2016, Plaintiff routinely worked in excess of forty (40) hours per week for Industrial. Specifically, Plaintiff estimates that he worked ten (10) hours of overtime per week for Industrial.

40. Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.

41. Industrial knew or should have known that Plaintiff suffered or was permitted to work overtime for Industrial as defined in 29 U.S.C. § 203 (g).

42. Industrial failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates for which he was employed, contrary to the provisions of 29 U.S.C. § 207 (a).

43. At all material times, Industrial knew or should have known that such refusal and/or failure is prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein.

44. At all material times, Industrial failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

## COUNT II - VIOLATIONS OF THE OVERTIME PROVISIONS OF FLSA AGAINST RENE HERNANDEZ

45. Plaintiff re-alleges the allegations in paragraphs one (1) through thirty-six (36)

above.

46. This is an action against Hernandez for overtime compensation pursuant to 29 U.S.C. § 216(B).

47. Defendant, Rene Hernandez, had operational control of Plaintiff and is therefore an employer pursuant to 29 U.S.C. § 203(d).

48. During the relevant period of time, during the months of January through July of 2016, Plaintiff routinely worked in excess of forty (40) hours per week for Hernandez. Specifically, Plaintiff estimates that he worked ten (10) hours of overtime per week for Hernandez.

49. Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one half for all hours worked in excess of forty (40) hours per week.

50. Hernandez knew or should have known that Plaintiff suffered or was permitted to work overtime for Employer as defined in 29 U.S.C. §203 (g).

51. Hernandez failed and/or refused to compensate Plaintiff for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rates for which he was employed, contrary to the provisions of 29 U.S.C. §207 (a).

52. At all material times, Hernandez knew or should have known that such refusal and/or failure is prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein.

53. At all material times, Hernandez failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

**COUNT III- WRONGFUL TERMINATION**

54. Plaintiff re-alleges the allegations in paragraphs one (1) through thirty-six (36)

above.

55. This is an action against Industrial for wrongful termination pursuant to Section 440.205, Florida Statutes.

56. Section 440.205, Florida Statutes, governs coercion of employees in workers' compensation claims, and provides, in pertinent part:

> No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.

57. Section 440.02(16)(a), Florida Statutes (2004), defines "Employer" to include:

> The state and all political subdivisions thereof, all public and quasi-public corporations therein, every person carrying on any employment, and the legal representative of a deceased person or the receiver or trustees of any person. "Employer" also includes employment agencies, employee leasing companies, and similar agents who provide employees to other persons. If the employer is a corporation, parties in actual control of the corporation, including, but not limited to, the president, officers who exercise broad corporate powers, directors, and all shareholders who directly or indirectly own a controlling interest in the corporation, are considered the employer for the purposes of ss. 440.105, 440.106, and 440.107.

58. On or about July 20, 2016, Industrial wrongfully terminated Mr. Lara.

59. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

### PLAINTIFF'S DEMAND FOR JURY TRIAL

60. Plaintiff hereby demands a jury trial of all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ronald Lara, respectfully requests that judgment be entered in

his favor against Defendants, Industrial Management, Inc., and Rene Hernandez, as follows:

(a) Declaring pursuant to 28 U.S.C §2201 and §2202, that the acts and practices of the Defendants complained of herein are in violation of the overtime wage provisions of the FLSA;

(b) Permanently enjoining the Defendants, their agents, officers and employees from engaging in all practices found by this court to be in violation of the overtime wage provisions of the FLSA;

(c) Awarding Plaintiff damages against Defendants, for overtime compensation for all hours that he worked for Defendants over forty (40) hours per week, but for which he was not compensated at the required overtime rate;

(d) Awarding Plaintiff liquidated damages;

(e) Awarding Plaintiff reasonable attorney's fees, costs, interest, and expenses of this litigation pursuant to 29 U.S.C. §216(b); and Section 448.08, of the Florida Statutes.

(f) Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this 7th day of March, 2017.

By: /s/ Monica Espino
Florida Bar No. 834491

ESPINO LAW
Attorney for Plaintiff
2250 SW 3rd Ave, 4th Floor
Miami, FL 33129
Email: me@espino-law.com
Tel.: 305.704.3172
Fax: 305.722.7378